OPINION OF THE COURT
David B. Saxe, J.
This is a proceeding commenced by the petitioners, Phil Caruso, as president of the Patrolmen’s Benevolent Association of the City of New York (PBA), and the PBA, pursuant to CPLR article 78, seeking a judgment annulling a decision of the respondent Board of Collective Bargaining (Board) in *720 decision No. B-24-87, wherein the Board dismissed petitioners’ improper practice petition. The Board held that the New York City Police Department had not violated section 12-306 (a) of the New York City Collective Bargaining Law (NYCCBL) (Administrative Code of City of New York, tit 12, ch 3) by promulgating interim order No. 60 establishing the Career Program for police officers. The order implements a system which permits the police department to promote and assign experienced and qualified officers.
In rejecting petitioners’ allegations that the order violated the NYCCBL, the Board determined that the issue was whether the setting of qualifications for special assignments and promotion was within the scope of collective bargaining. In deciding that it was not, the Board relied on the power reserved to the city under section 12-307 (b) of the NYCCBL and decisional law.
The respondent, Board of Collective Bargaining, is charged with enforcing and implementing a sophisticated labor relations statute, the provisions of which encompass complex and difficult issues of labor law. The courts have recognized the experience developed by these administrative agencies in the areas of their statutory jurisdiction. In this regard, the Court of Appeals has held: "As the agency charged with implementing the fundamental policies of the Taylor Law, the Board is presumed to have developed an expertise and judgment that requires us to accept its construction [of the Taylor Law] if not unreasonable” (Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd., 48 NY2d 398, 404 [1979]). In the same case, the court defined the standard of review to be applied by a court in renewing a decision of the Board: "unless the board’s determination was 'affected by an error of law’ or was 'arbitrary and capricious or an abuse of discretion’, we will not interfere (CPLR 7803, subd 3). For, '[s]o long as PERB’s interpretation is legally permissible and so long as there is no breach of constitutional rights and protections, the courts have no power to substitute another interpretation’ (Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46, 50). As the agency charged with implementing the fundamental policies of the Taylor Law, the board is presumed to have developed an expertise and judgment that requires us to accept its construction if not unreasonable”. (Supra, at 404.)
In this matter, no demonstration has been made to the effect that the Board’s decision was arbitrary or capricious. In *721 fact, the Board reasonably construed the language of section 12-307 (b) of the NYCCBL as a grant of exclusive power to the city to establish qualifications for advancement and promotion. To require the police department to collectively bargain over the value to be afforded certain types of experience would, it appears, impede the discretion granted under section 12-307 (b). In short, the petitioners have failed to articulate any legal or factual basis on which the police department should have been required to collectively bargain over the order in question. Consequently, dismissal of the petition is appropriate. It is so ordered.